IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:05-CR-325-1 |
| ) | |
| ) | |
| EUGENE REED, JR., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is Defendant's Motion to Reduce Sentence re Compassionate Release and attachments in support. (ECF Nos. 144, 145.) The Government filed a response and documents in support opposing the motion. (ECF Nos. 156, 157.) The Court, having considered the arguments of the parties as set forth below, finds that Defendant has failed to show an extraordinary and compelling reason for a sentence reduction. Further the factors under 18 U.S.C. § 3553(a) counsel against sentence reduction. Accordingly, Defendant's motion, (ECF No. 144), will be denied.

**I. BACKGROUND**

On December 6, 2005, Defendant pled guilty to one count of interference with interstate commerce by robbery in violation of 18 U.S.C. § 1951 and one count of carry and use, by brandishing, a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (ECF No. 1 (Indictment), ECF No. 118 (Change of Plea Tr. at 43),

ECF No. 134 (Am. J.); Minute Entry 12/06/2005.) Defendant was determined to be a career offender and faced a sentencing guideline range of 262 to 327 months' imprisonment. (ECF No. 103, ¶ 62.) Defendant was sentenced to 262 months' imprisonment. (ECF No. 134.) Defendant was 32 at the time of sentencing, is currently 52 years old, and has a projected release date of October 26, 2029.[1]

## II. ARGUMENTS

Defendant argues for compassionate release relying on a combination of factors to show an extraordinary and compelling circumstance to support a reduction in sentence. In his motion, Defendant references his high blood pressure and Covid-19 but primarily focuses his arguments on his rehabilitative efforts and his changed character. (ECF No. 144 at 2, 4-5.) In documents attached in support of the motion, he asserts his family circumstances should also be considered in weighing his request for a reduction in sentence. (ECF. No. 145 at 2.) He explains his mother's age and medical conditions diminish her ability to provide self-care, and she requires "an extra set of hands to help care for her." (*Id.*) He argues "[i]ndeed, no single reason would provide a basis for reducing the Petitioner's sentence, but taken into consideration his mother's comorbidities, Petitioner's rehabilitation and family circumstances warrant at the least reducing Petitioner's sentence." (*Id.*)

The Government opposes the motion. It asserts Defendant's hypertension and any associated risk from Covid-19 "fall far short" of an extraordinary and compelling circumstance because his medical condition is controlled, and there is minimal risk from Covid in his facility.

---

[1] Fed. Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited Mar. 10, 2025).

(ECF No. 156 at 6.) The Government contends he has failed to show he is the only available caregiver for his mother, and says that his rehabilitative efforts, while numerous, do not amount to an extraordinary and compelling reason for compassionate release even combined with his other circumstances. (*Id.*) The Government notes Defendant previously filed a motion for compassionate release on similar grounds, (*see* ECF No. 139), and Defendant's current motion fails for the same reasons the Court found in its Order denying the previous motion.[2] (ECF No. 156 at 12.) The Government also argues a consideration of the § 3553(a) sentencing factors weigh against a reduction in sentence. (*Id.*)

### III. DISCUSSION

A sentence imposed under the law is intended to be final. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). However, a sentence may be modified when a specific provision of law or statute provide a basis for relief. *Id.*; *see also* 18 U.S.C. § 3582(b). To receive a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), a defendant must show: (1) extraordinary and compelling reasons exist to support a reduction; (2) a consideration of the relevant 18 U.S.C. § 3553(a) factors weigh in favor of sentence reduction; and (4) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

---

[2] In the earlier motion, Defendant argued for a reduction relying on evidence of his changed character and extensive rehabilitative efforts, as well as the need to assist with his mother's care. (ECF No. 139.) The Court concluded in denying the motion that his "achievements and goals are commendable . . . However, these accomplishments are not so extraordinary and compelling as to warrant relief." (ECF No. 140 at 2.)

*United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024)*; United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024).

Section 3582 requires a defendant to exhaust administrative remedies before seeking relief in court. *See* 18 U.S.C. § 3582(c)(1)(A). Defendant filed requests for compassionate release with the BOP which were denied, (ECF No. 144 at 50-51), and the Government concedes Defendant has exhausted his administrative remedies. (ECF No. 156 at 4 n.2.) The Court will, therefore, proceed to the merits of Defendant's motion.

### A. Extraordinary and Compelling Reasons

The Court may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and a "reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A); *see also United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022). While a court has broad discretion to consider what constitutes an extraordinary and compelling reason under § 3582(c)(1)(A), a court is not wholly unrestricted. *See Davis*, 99 F.4th at 657. Section 3582 is not an opportunity for resentencing, but an opportunity to modify a sentence in circumstances as guided by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817, 825 (2010).

Defendant relies upon a combination of his substantial rehabilitation while incarcerated, his hypertension which increases his risk from Covid-19, and the need to provide care for his mother to show an extraordinary and compelling for a reduction in sentence. Rehabilitation, no matter how extensive, cannot alone be considered an extraordinary and compelling reason for a sentence reduction but may be considered along with other factors to establish an extraordinary and compelling reasons to reduce a sentence. *Davis*, 99 F.4th at 659.

4

Case 1:05-cr-00325-LCB    Document 160    Filed 04/10/25    Page 4 of 10

The Sentencing Commission policy states in relevant part, "rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances" when weighing "whether and to what extent" to reduce a sentence. U.S.S.G. § 1B1.13(d).

A risk from Covid-19 may be considered an extraordinary and compelling circumstance, however a defendant must show both "the risk of Covid-19 is higher in prison than outside of it, and that his preexisting conditions increase the risk of experiencing a serious or fatal case of the virus." *Davis*, 99 F.4th at 655 (citing *United States v. Brown*, 78 F.4th 122, 128 (4th Cir. 2023).) The Sentencing Commission policy advises an inmate seeking such relief must show an outbreak of an infectious disease or public health emergency which "due to personal health risk factors and custodial status" place a defendant at increased risk of severe complications or death. U.S.S.G. § 1B1.13(b)(1)(D). In relying on the need to care for a family member to establish an extraordinary and compelling circumstance, a defendant must show he is the only available caregiver. *See* U.S.S.G. § 1B1.13(b)(3)(C); *see also United States v. Bryant*, 720 F. Supp. 3d 450, 457 (W.D. Va. 2024); *United States v. Hicklen*, No. 3:19-CR-00108-FDW-DSC, 2024 WL 948307, at *3 (W.D.N.C. Mar. 5, 2024) (collecting cases); *United States v. Barton*, No. 1:11CR349-1, 1:12CR255-1, 2022 WL 1157978, at *5 (M.D.N.C. Jan. 18, 2022).

Defendant has failed to demonstrate an extraordinary and compelling reason warranting a reduction in sentence based on his circumstances, whether considered alone or collectively. Defendant asserts his mother, who is in her 70's, has "various ailments which due to her age, substantially diminished her ability to provide self-care."[3] (ECF No. 145 at 2.)

---

[3] In support Defendant has provided medical records showing his mother suffers from numerous chronic conditions including uncontrolled hypertension, obstructive pulmonary disease, chronic low back pain, obesity, asthma, and Type 2 Diabetes. (ECF No. 145 at 4-5.)

However, Defendant does not explain who is currently caring for his mother and why they cannot continue to do so. In fact, he does not assert he is the only available caregiver, but only that "[h]er condition requires an extra set of hands to help care for her." (ECF No. 145 at 2.) In support of his motion, Defendant has submitted statements from several family members, including two of his sisters who indicate they will help support Defendant if he is released from prison. (ECF No. 144 at 39-43.) Defendant has not indicated why these family members cannot care for his mother.

Nor does his own health or any associated risk from Covid support a reduction in sentence. Defendant's medical records show he suffers from hypertension which can increase the severity of a Covid infection.[4] However, as the Government contends, the medical records indicate his hypertension is appropriately managed and Defendant does not argue otherwise. He generally asserts the facility has "3rd rate" care but has failed to identify any specific concerns about his treatment and acknowledges he is on prescription medicine for his condition. (ECF No. 145 at 7.) Defendant has also failed to show he is at a correctional facility "affected or at imminent risk of being affected" by a Covid-19 outbreak or public health emergency. *See* U.S.S.G. § 1B1.13(b)(1)(D)(i). The general Covid-19 Public Health Emergency Declaration ended on May 11, 2023.[5] FCI Bennettsville, where Defendant is incarcerated, currently has only four Covid cases out of a population of approximately 1,611

---

[4] CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited March 10, 2025).

[5] CDC, *End of the Federal Covid-19 Public Health Emergency (PHE) Declaration*, https://archive.cdc.gov/www_cdc_gov/coronavirus/2019-ncov/your-health/end-of-phe.html (last updated Sep. 12, 2023).

inmates.[6]  Moreover, Defendant has received two doses of the Covid-19 vaccine, (ECF Nos. 164-4 at 1, 164-5 at 1), mitigating his risk from the Covid virus.  *See*, *e.g.*, *Davis*, 99 F.4th at 655-56.

Lastly, the Court considers Defendant's arguments that a reduction is warranted because he is a changed person from the man who committed the offenses and has engaged in extensive rehabilitation while incarcerated.  The Court takes note of the substantial evidence in the record of Defendant's reformed nature and the time and effort he has spent on personal improvement and developing skills to support himself upon release.  The record demonstrates Defendant has taken courses to address his substance abuse problems, obtained his GED, and taken many other available BOP courses.  (ECF No. 144 at 19-20.)  Defendant has maintained a long-term job as a maintenance man while incarcerated, and by his account is highly skilled at plumbing.  (*Id.*)  The Court also recognizes Defendant's accomplishments as an author.  (ECF No. 144 at 4.)  The Court acknowledges, and commends, Defendant's many efforts towards self-improvement and rehabilitation.  However, the Court does not find this rehabilitation amounts to an extraordinary and compelling circumstance warranting a reduction in sentence.

      B.      18 U.S.C. § 3553(a) Factors

Defendant has failed to show an extraordinary and compelling reason warranting a sentence reduction, and therefore the Court is not required to further consider whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a reduction.  However, the Court finds that even if an extraordinary and compelling reason existed, an analysis of the § 3553(a)

---

[6] https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last visited Mar. 11, 2025.)

factors would not support granting relief. Under § 3553(a) the goal is for a sentence "sufficient, but not greater than necessary" to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). The Court weighs whether the nature of the offense, a defendant's personal history, the sentence relative to the nature and seriousness of his offense, the need for a sentence to find just punishment for the crime, the need to protect the public and deter crime, the need to provide a defendant with effective rehabilitative circumstances, the need to avoid sentencing disparity, and other sentencing considerations weigh in favor of relief. *See id.* A court may consider post-sentencing facts in the record such as behavior while incarcerated and rehabilitation efforts. *United States v. Martin*, 916 F.3d 389, 397 (4th Cir. 2019); U.S.S.G. § 1B1.13(d).

Defendant has accepted responsibility for his actions and taken substantial steps to address his issues such as substance abuse that may have contributed to his criminal behavior. (ECF No. 144 at 17, 20.) In addition, Defendant has worked to develop skills that will help him upon release and will have the assistance of family members to support his transition into the community. (*Id.* at 4, 39-43.) These factors weigh in favor of a reduction. However, Defendant's post-sentencing conduct is not the only factor the Court considers, and a consideration of the § 3553(a) factors overall weighs against granting a reduction.

The instant offense was serious and Defendant's crime, as well as his attempts to evade arrest, posed a substantial threat to the community. According to the factual basis, Defendant entered the Neighborhood Convenience Store, pointed a gun at an employee and forced him

8

Case 1:05-cr-00325-LCB    Document 160    Filed 04/10/25    Page 8 of 10

to empty the cash register and his pockets.[7]  (ECF No. 25 at 1.)  Defendant fled the scene in a truck with his co-defendants leading the police on a chase.  During that time, a firearm was thrown from the truck, and the "truck continued eluding officers, violating traffic laws including speeding approximately 60 mph in a 35-mph zone, running red lights, driving on the wrong side of the road and weaving in traffic.  Officers discontinued pursuit due to danger." (*Id.* at 2.)  The fleeing truck eventually caused an accident. (*Id.*)

Defendant also has an extensive criminal history which weighs against a reduction.  In addition to many misdemeanor convictions, he has multiple felony convictions including for breaking and entering, and felony robbery with a dangerous weapon.  (ECF No. 103, ¶¶ 26, 34-37.)  As the Government notes, despite serving more than five years in prison for the conviction for felony robbery with a dangerous weapon, Defendant committed additional felonies after he was released.  While Defendant asserts he is a changed man, his personal history and prior behavior counsel caution.

Accordingly, while recognizing the many positive changes Defendant has made during his incarceration, the Court determines, in its discretion, that factors including the nature and circumstances of the crime, the need to deter crime, and the need to protect the public all weigh against granting a reduction in sentence.  A reduced sentence would not promote respect for the law, afford adequate deterrence, or protect the public.  *See* 18 U.S.C. § 3553(a)(2).

For the reasons stated above, the Court enters the following:

---

[7] At the change of plea hearing Defendant agreed under oath to the factual basis.  (ECF No. 118 at 37.)

**ORDER**

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence re Compassionate Release, (ECF No. 144), is **DENIED**.

This, the 10th day of April 2025.

/s/ Loretta C. Biggs  
Senior United States District Judge